CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. ALEXANDER SAUL KING                                                        DKT. NO. 1:15CR00290-3

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Tina N. Parde, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Alexander Saul King, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on March 2, 2016.  The defendant was sentenced to 30 months imprisonment and 3 years supervised release for offenses of Count 5: Possession of a Counterfeit Postal Service Key, in violation of 18 U.S.C. § 1704 and Count 7: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Supervision commenced on January 3, 2018, and is set to expire on January 2, 2021.  As noted in the judgment [Document 139], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 18, 2018 through February 20, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On February 18, 2018, the defendant failed to submit to a drug test as directed.  On February 20, 2018, the undersigned USPO directed the defendant to submit to a drug test on this date due to the missed drug test on February 18, 2018.  The defendant stated he would submit to drug testing on February 20, 2018; however, he again failed to submit to one on February 20, 2018, as directed.  On February 21, 2018, via text, the defendant admitted to having relapsed on methamphetamine.  This USPO directed the defendant to report to the Probation Office on February 21, 2018; however, the defendant was unable to find a ride.  He was then directed to report to the Probation Office on February 22, 2018.

On February 22, 2018, the defendant signed an admission of drug use form that stated from February 18, 2018, through February 20, 2018, the defendant used methamphetamine due to the stress of his relationship dissolving.  As a result, the USPO reached out to Independence House North to see what the results of his dual diagnosis assessment were, as he had completed his assessment on February 7, 2018.

Case 1:15-cr-00290-RBJ   Document 199   Filed 08/23/18   USDC Colorado   Page 2 of 7

Alexander Saul King  
1:15CR00290-3

Superseding Petition Due to Violations of Supervision  
Page 2

August 23, 2018

Subsequently, on March 8, 2018, referrals for dual diagnosis individual counseling and substance abuse group counseling were made to Independence House North. However, on March 9, 2018, this USPO was contacted by the agency, advising they had been unable to reach the defendant.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 2, 2018, through March 13, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 7, 2018, the defendant failed to submit to a drug test as directed. The defendant was contacted via cell phone on March 12, 2018, and directed to report to the Probation Office on March 13, 2018.

On March 13, 2018, during an office visit, the defendant reported since on or about March 2, 2018, he had been living in and out of hotels using methamphetamine. On this same date, the defendant signed an admission of drug use form that stated his last use of methamphetamine was on March 13, 2018, at 8:00 a.m. The defendant admitted to smoking methamphetamine daily (using $20.00 to $80.00 of methamphetamine per day). As a result, the USPO reached out to Independence House North and scheduled the defendant to start substance abuse groups on March 14, 2018, and he was scheduled for individual counseling to start on March 15, 2018. Furthermore, the defendant was also scheduled to complete additional substance abuse assessments on March 14, 2018, to see if he would qualify for the short-term inpatient treatment program (STIRRT – 21-day inpatient treatment program). The defendant had indicated he was willing to participate in the program and had asked for inpatient treatment to help him get his life back on track.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 14, 2018, through March 20, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 20, 2018, the USPO called the defendant and scheduled a home visit for March 21, 2018, as USPO needed the defendant to sign a release of information form for the STIRRT program.

Case 1:15-cr-00290-RBJ   Document 199   Filed 08/23/18   USDC Colorado   Page 3 of 7

Alexander Saul King  
1:15CR00290-3

Superseding Petition Due to Violations of Supervision  
Page 3

August 23, 2018

On March 21, 2018, this USPO arrived at the defendant's residence. The defendant was home, but asleep. During further discussion, the defendant advised he returned home on March 20, 2018 (despite telling USPO he was going to return home on March 13, 2018). The defendant further admitted to having last used methamphetamine prior to his counseling appointment on March 20, 2018. The defendant admitted he had continued to spend time at hotels and using methamphetamine. This USPO directed the defendant to attend treatment on the evening of March 21, 2018, and to stop using methamphetamine. Referrals to both STIRRT locations were made on March 26, 2018.

### 4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 25, 2018, through March 26, 2018, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 26, 2018, this USPO called the defendant, at which time the defendant reported to having stayed in a hotel room, again using methamphetamine, on March 25, 2018. At the time of our conversation, the defendant reported being in the back of a person's vehicle. The defendant was directed to report to the United States Probation Office on this same date. However, the defendant advised he did not think he could get a ride there before the office closed. USPO thereafter scheduled to meet with the defendant at his residence on March 27, 2018. USPO discussed with the defendant his need for longer term inpatient treatment. The defendant stated he would be willing to participate in long term inpatient treatment, at which time this USPO began the process of referring the defendant to the Stout Street Foundation. It should be noted, the defendant never returned to his residence and was not home to meet with USPO when a home visit was attempted. However, the defendant did make himself available in the community on March 27, 2018, and a telephone intake was completed with the Stout Street Foundation. During that telephone intake, the defendant admitted to last having used methamphetamine one day, to a day and a half prior.

### 5. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On or about March 27, 2018, the defendant was instructed by the probation officer to complete a medical evaluation at the Stout Street Clinic on March 28, 2018, in order to obtain a bed date for inpatient treatment at the Stout Street Foundation, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

On March 27, 2018, the undersigned USPO met the defendant in the community (gas station located at corner of Mississippi and Pierce, as defendant didn't want USPO to know where he was staying). During the contact, USPO had the defendant complete an intake over the telephone with the Stout Street Foundation. During the telephone interview the defendant reported having a torn rotator cuff from years ago. This resulted in the Stout Street Foundation directing the defendant to go get a medical note, stating

Case 1:15-cr-00290-RBJ   Document 199   Filed 08/23/18   USDC Colorado   Page 4 of 7

Alexander Saul King  
1:15CR00290-3

Superseding Petition Due to Violations of Supervision  
Page 4

August 23, 2018

he is able to work over 40 hours a week, carry weight over 50 pounds, and stand for long hours.  This medical clearance was needed to enter the program.  It should be noted there was no wait list for this program and the defendant could have entered it shortly after obtaining the medical clearance.  The defendant has Medicaid insurance, so he was directed to go to the Stout Street Clinic on March 28, 2018, in the morning, to obtain the medical note.  After he had completed the appointment, he was to walk down to Probation Office and turn in that paperwork.  The defendant failed to follow through with this directive.  The USPO attempted to contact the defendant via cell phone several times on March 28, 2018, but the defendant did not answer the phone.

6. **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER**

On or about March 30, 2018, the defendant was contacted and arrested by Officer Love of the Westminster Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On March 30, 2018, at (1228), Officer Love was dispatched to Skyview Apartments located in Westminster, Colorado, in reference to a stolen vehicle.  The vehicle was reported stolen from Alpine Buick in Denver, Colorado, on the same date at approximately (1008).  The dealership had OnStar activated on the vehicle, which pinged the location.  The vehicle was reported as a 2017 GMC Acadia with no license plates (valued at $38,526).  Upon arrival, the officer located an Acadia matching the description.  The defendant was located in the driver seat.  The officers gave the defendant commands at gunpoint, to which he complied.  A search of his person, incident to his arrest revealed a crystal-like substance in a small baggie in the defendant's right front pant pocket.  The substance tested presumptive positive for methamphetamine and weighed 6.41 grams.

The defendant also had on his person a lightweight gray mask, a pry bar, and a large yellow pipe.  Located inside the rear cargo area of the stolen vehicle was a commercial electric 13-inch warm white LED flush mount light in an unopened box.  Further investigation revealed this item was stolen off the front porch of the victim's residence in Arvada, Colorado, subsequent to it having been delivered.  It was valued at $50.00.  Additionally, in the rear cargo area of the vehicle was a Makro metal detector.

The defendant was transported to the Adams County Detention Center for booking.  He was charged with Theft $50.00 or More But Less Than $300; Aggravated Motor Vehicle Theft in the 2nd Degree Over $20,000; Unlawful Possession of a Schedule I or II Controlled Substance, and Drove Vehicle While License Under Revocation.  While the defendant was en route to booking he inadvertently made the comment, "Did the dealership call that in?"

On April 1, 2018, the defendant posted bond and was released from Adams County custody.  He is scheduled to appear in court on April 13, 2018.

Case 1:15-cr-00290-RBJ   Document 199   Filed 08/23/18   USDC Colorado   Page 5 of 7

Alexander Saul King  
1:15CR00290-3

Superseding Petition Due to Violations of Supervision  
Page 5

August 23, 2018

7. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE/MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on March 15, March 21, March 28, and March 29, 2018.  This constitutes a Grade C violation of supervised release.

On March 13, 2018, the defendant was instructed to participate in dual diagnosis individual counseling and substance abuse group counseling sessions at the Independence House North location.

On March 15, March 21, March 28, and March 29, 2018, the defendant failed to report to Independence House North for dual diagnosis treatment as directed.  In each instance the Probation Office was notified by Independence House North staff of the defendant's failure to attend treatment via email or telephone call.  In nearly each instance the defendant's failure to attend treatment was addressed with him, for which he provided various excuses, such as he did not have transportation or was coming off the drugs (methamphetamines) and needed to sleep.

8. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on February 18, March 7, March 22, March 23, and March 27, 2018.  This constitutes a Grade C violation of supervised release.

On January 9, 2018, the defendant was instructed to participate in random drug testing at Independence House North.

On February 18, March 7, March 22, March 23, and March 27, 2018, the defendant failed to report to Independence House North for random urine testing.  In each instance the Probation Office was notified by Independence House North staff of the defendant's failure to submit to urine testing via email.  In each instance the defendant's failure to submit to a drug test was addressed with him, for which he provided various excuses, such as he did not know he had a drug test and/or he was actively using methamphetamine and going to test positive so he chose not to submit a urinalysis.

9. **VIOLATION OF LAW**

On or about March 30, 2018, the defendant committed Possession of a Scheduled 3/4/5 Controlled Substance, a Level One Drug Misdemeanor, in violation of Colorado Revised Statute § 18-18-403.5(1) and (2)(c), and Aggravated Motor Vehicle Theft, a Class Six

Case 1:15-cr-00290-RBJ   Document 199   Filed 08/23/18   USDC Colorado   Page 6 of 7

Alexander Saul King  
1:15CR00290-3

Superseding Petition Due to Violations of Supervision  
Page 6

August 23, 2018

Felony, in violation of Colorado Revised Statute § 18-4-409(4)(b), both punishable up to 18 months imprisonment, which constitutes a Grade B violation of supervised release.

On March 30, 2018, at 12:28 p.m., Officer Love of the Westminster Police Department was dispatched to the Skyview Apartments located in Westminster, Colorado, in reference to a stolen vehicle.  The vehicle was reported stolen from Alpine Buick in Denver, Colorado, on the same date at approximately 10:08 a.m.  The dealership had OnStar activated on the vehicle, which pinged the location.  The vehicle was reported as a 2017 GMC Acadia with no license plates (valued at $38,526).  Upon arrival, Officer Love located an Acadia matching the description.  The defendant was located in the driver's seat.  The officers gave the defendant commands at gunpoint, to which he complied.  A search of his person, incident to his arrest, revealed a crystal-like substance in a small baggie in the defendant's right front pant pocket.  The substance tested presumptive positive for methamphetamine and weighed 6.41 grams.

The defendant also had on his person a lightweight gray mask, a pry bar, and a large yellow pipe.  Located inside the rear cargo area of the stolen vehicle was a commercial electric 13-inch warm white LED flush mount light in an unopened box.  Further investigation revealed this item was stolen off the front porch of a victim's residence in Arvada, Colorado, subsequent to it having been delivered.  It was valued at $50.00.  Additionally, in the rear cargo area of the vehicle was a Makro metal detector.

The defendant was transported to the Adams County Detention Center for booking.  He was charged with Theft $50.00 or More But Less Than $300; Aggravated Motor Vehicle Theft in the 2nd Degree Over $20,000; Unlawful Possession of a Schedule I or II Controlled Substance, and Drove Vehicle While License Under Revocation.  While the defendant was being transported to booking, he inadvertently made the comment, "Did the dealership call that in?"

On April 1, 2018, the defendant posted bond and was released from Adams County custody.  He was thereafter sentenced on these charges on July 6, 2018, in Adams Count Court, Case Number 2018CR1279, and sentenced to 18 months' probation to run concurrent to any other sentence.

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 186] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

s/ *Tina N. Parde*  
  Tina N. Parde  
  Place:   Denver  
  Date:    August 23, 2018

Case 1:15-cr-00290-RBJ   Document 199   Filed 08/23/18   USDC Colorado   Page 7 of 7

Alexander Saul King
1:15CR00290-3
Superseding Petition Due to Violations of Supervision
Page 7
August 23, 2018

*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:    August 23, 2018

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation. The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 8 to 14 months.